FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 18 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ROBERT GEORGE GERBER,
                Plaintiff,

-against-

ISABELLA GERIATRIC CENTER.

                Defendant.

------------------------------------------------------------------- X

NO. 11-CV- 3231 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

In the instant action, plaintiff, Robert George Gerber, proceeding pro se, alleges violations of his constitutional rights and relief pursuant to the "Willowbrook Permanent Injunction," a 1975 consent decree arising out of a class action lawsuit concerning the treatment of mentally retarded adults and children residing at the Willowbrook residential facilities. See New York State Assoc. for Retarded Children v. Cuomo, 393 F. Supp. 715 (E.D.N.Y. 1975). The Willowbrook Permanent Injunction imposed certain affirmative obligations on the defendants to provide for the quality treatment of the residents following years of abhorrent living conditions. Though the complaint is not entirely clear, plaintiff appears to allege that on April 23, 2009, defendant Isabella Geriatric Center, the nursing center at which plaintiff resides, "misunderstood" his medical needs and required him to have footrests on his wheelchair when he travels on New York City public transportation. Because of the defendant's policy, defendant would not let his "former home health aide take [him] outside on field trips without footrests on [his] wheelchair." Plaintiff also moves this court to appoint pro bono counsel to assist him in prosecuting this action. For the reasons set forth below, defendant's motion to dismiss is

1

granted. Plaintiff's motion to have counsel appointed is denied.

## I. Background

On March 8, 2011, defendant brought precisely the same complaint as is now before this court before the Honorable Judge Loretta A. Preska in the Southern District Court of New York, alleging that the defendant:

> misunderstood my physical condition that I would be in danger when traveling on the New York City public transportation (a city bus) by rejecting to let my former home health aides take me outside on field trips without footrests on my wheelchair. Plaintiff also alleges that this defendant misunderstood that I was never in danger, as it is true, with other [agencies] before and after Isabella.

In an order dated April 4, 2011, Judge Preska ordered, sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(b), that plaintiff submit an Amended Complaint, finding that plaintiff failed to allege that he was class member of the Willowbrook action, failed to allege facts that would be in possible breach of the Willowbrook Injunction even if he was a class member, and failed to allege facts stating violations of any other federal statutory or constitutional provision. On May 10, 2011, after receiving plaintiff's amended complaint which stated, among other minor additions, that Mr. Gerber was indeed a member of the Willowbrook Class, Judge Preska issued an order, again sua sponte, dismissing plaintiff's action for failing to "state a violation of the Willowbrook Permanent Injunction or any other federal or constitutional provision that would give this Court jurisdiction over Plaintiff's claims." Judge Preska observed that plaintiff's allegations "indicate that he does not agree with an agency policy requiring him to use wheelchair footrests," that it was addressed by a physical therapy assessment and plaintiff had been given the opportunity to change agencies, but that the dispute was not resolved to plaintiff's liking. Judge Preska found that none of the alleged facts gave rise to a colorable claim. The Second Circuit Court of Appeals affirmed Judge Preska's order on January 10, 2012.

On June 29, 2011, plaintiff filed the instant complaint, identical in substance to the March 8, 2011 complaint before Judge Preska.

## II. Discussion

### A. Legal Standard

Under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and must also draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Freedom Holdings, Inc. v. Spitzer, 363 F.3d 149, 151 (2d Cir. 2004). The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Only a "plausible claim for relief survives a motion to dismiss." LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471, 476 (2d Cir. 2009). Thus courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009) (citation and internal quotation marks omitted). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

### B. Failure to State a Claim

As noted by Judge Preska, plaintiff fails to allege any facts suggesting violation of either the Willowbrook Permanent Injunction or any other federal statutory or constitutional provision. Plaintiff alleges merely that he disagrees with a safety policy of the Isabella Geriatric Center, and as a result, was denied the opportunity to travel on city buses absent the use of footrests on his

wheelchair. The Willowbrook Permanent Injunction requires the state to "assure each class member protection from harm and a safe, clean and appropriate physical environment," provide "meaningful, full day habilitative programming and services appropriate to their individual needs . . . and meaningful, appropriate recreation," and provide "high quality services in appropriate community residential settings" throughout each class member's lifetime. Willowbrook Injunction at 2,13, available at http://www.opwdd.ny.gov/willowbrook/hp_willowbrook_injunction.jsp (1993). None of the Willowbrook Permanent Injunction obligations, however, are implicated by the facts alleged by plaintiff. Moreover, the court can identify no other statutory or constitutional provisions that might have been violated.

In a typical situation, this court would give Mr. Gerber an opportunity to replead his case and allege facts stating a claim. See Cuoco v. Mortisugu, 222 F.3d 99, 112 (2d Cir. 2000) ("A pro se complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") As discussed below, however, plaintiff's claim is barred by the principal of res judicata as he is litigating here precisely the same case that was dismissed in the Southern District, even after Judge Preska gave plaintiff an opportunity to replead. Even giving the most liberal reading of the complaint, the court finds that granting plaintiff leave to replead would be futile.

**C. Res Judicata**

This action is also barred by the doctrine of res judicata, which holds that a judgment rendered on the merits bars a second suit between the same parties or their privies based on the same cause of action or claims. Cieszkowska v. Gray Line New York, 295 F.3d 204, 205 (2d

4

Cir. 2002); Waldman v. Village of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); accord St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000). To determine whether res judicata applies to preclude later litigation, a court must find that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001); Bay Fireworks, Inc. v. Frenkel & Co., Inc., 359 F. Supp.2d 257, 261 (E.D.N.Y. 2005). Moreover, "a tribunal always possesses jurisdiction to determine its jurisdiction, and any fact upon which that decision is grounded may serve as the basis for an estoppel by judgment in any later action." Roth v. McAllister Bros., Inc., 316 F.2d 143, 145 (2d Cir. 1963); see 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 4436 ("Although a dismissal for lack of jurisdiction does not bar a second action as a matter of claim preclusion, it does preclude relitigation of the same issues determined in ruling on the jurisdiction question").

Here, the Southern District of New York adjudicated this case between the identical parties based on identical allegations and alleging identical causes of action. Judge Preska dismissed plaintiff's claim for failure to state a claim upon which relief may be granted, "for failing to state a violation of the Willowbrook Permanent Injunction or any other federal or constitutional provision that would give th[e] court jurisdiction over Plaintiff's claims." See Gerber v. Isabella Home Care Srvcs. Inc., No. 11 Civ. 1628 (LAP) (Dkt. 6) (E.D.N.Y. May 10, 2011), aff'd, No. 12-2803-cv (2d Cir. Jan. 10, 2012). The court's order therefore was either on

the merits, or addresses the very same subject matter jurisdictional issue before this court. Federated Dep't Stores, Inc., v. Moitie, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim . . . is a judgment on the merits.") (internal quotations omitted). The court finds plaintiff's instant complaint to be a futile attempt to re-litigate the same claim that was dismissed on the merits in plaintiff's Southern District action and affirmed by the Second Circuit. Accordingly, this action is both frivolous and barred by res judicata. See Fitzgerald v. First East Seventh St. Tenants Corp, 221 F.3d 362, 363 (2000); Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir.1993) ("Dismissal of appellant's recycled claims was not only appropriate but virtually mandatory . . . .").[1]

### D. Plaintiff's Motion to Appoint Counsel

Unlike criminal defendants, indigents, such as plaintiff, filing civil actions have no constitutional right to counsel. However, 28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent any person unable to afford counsel. Plaintiff made an application to proceed in forma pauperis, which was granted. Therefore, he is within the class to whom 28 U.S.C. § 1915(e)(1) applies.

When deciding whether to assign counsel to an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the court looks first to the "likelihood of merit" of the underlying dispute. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); see also Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989); Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) ("In deciding whether to appoint counsel, [a] district [court] should first determine whether the indigent's position seems to be of substance."). Thus, even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are

---

[1] Because the court dismisses plaintiff's claim in its entirety for failure to state a claim and on res judicata grounds, the court need not reach the issue of improper venue or granting a stay of discovery.

thin and his chances of prevailing are therefore poor. See Cooper, 877 F.2d at 172.

Where a plaintiff satisfies the threshold requirement of demonstrating that the plaintiff's position is likely to be of substance, the court should then consider: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder; (3) the indigent's ability to present the case; (4) the complexity of the legal issues; and (5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination. Hodge, 802 F.2d at 61-62. The pleadings drafted by a pro se litigant such as plaintiff, are to be construed liberally and interpreted to raise the strongest arguments they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

Because the court finds that plaintiff's claim is frivolous for the reasons outlined above, plaintiff's motion for appointment of pro bono counsel is denied.

### III. Conclusion

For the reasons set forth above, defendant's motion to dismiss plaintiff's complaint is granted. Plaintiff's motion for appointment of pro bono counsel is denied. The clerk of court is directed to enter judgment accordingly.

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: January 18, 2012
Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

Robert George Gerber
202 West 141st Street
Apt. 1F
New York, NY 10030